Matthew M. Lavin, Esq. (*pro hac vice*)
Wendy A. Mitchell, Esq. (CA SBN 158553)
Aaron R. Modiano, Esq. (*pro hac vice anticipated*)
**NAPOLI SHKOLNIK PLLC**
5757 W. Century Boulevard, Suite 680
Los Angeles, CA 90045
(212) 397-1000 / Fax (646) 843-7603

David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
(415) 678-5050 / Fax (415) 358-8484

*Attorneys for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| PACIFIC RECOVERY SOLUTIONS d/b/a WESTWIND RECOVERY, MIRIAM HAMIDEH PHD CLINICAL PSYCHOLOGIST INC. d/b/a PCI WESTLAKE CENTERS, BRIDGING THE GAPS, INC., SUMMIT ESTATE, INC. d/b/a SUMMIT ESTATE OUTPATIENT, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH a California corporation, and VIANT, INC., a Nevada corporation,<br><br>*Defendants*. | Case No.: 4:20-CV-02249-YGR<br><br>**PLAINTIFFS' OBJECTION TO UNITED BEHAVIORAL HEALTH, INC.'S STATEMENT OF RECENT DECISION** |

Plaintiffs hereby file this Objection to Defendant's United Behavioral Health, Inc.'s Statement of Recent Decision Pursuant to Local Rule 7-3(D)(2).

The Local Rule states:

> Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument.

Defendant's filing is objectionable as the judicial opinion is not relevant and contains impermissible argument.

The recent decision in *Meridian, et al., v. United Behavioral Health*, No. 19-cv-05721-JSW, (N.D. Cal.) is not relevant. It involves different facts, different parties, and different claims than the present litigation. The allegations in *Meridian* are similar to those asserted in *Wit, et al. v. United Behavioral Health*, No. 14-cv-05337-JCS, (N.D. Cal.) cited in Plaintiffs' Opposition. The allegations in both *Meridian* and *Wit* are that United's "Guidelines" (Level of Care Guidelines and Coverage Determination Guidelines to the extent they incorporate the Level of Care Guideline) that United applied to the benefit claims at issue were unreasonable and did not reflect generally accepted standards of care. The parties are likewise different. *Meridian* does not involve Viant or any third-party benefits repricer at all. The application of illegal guidelines resulted in illegal decisions as to the covered, if any, level of care for patient's claims. All of the benefit claims in *Meridian* and *Wit* were unpaid by the insurer.

The benefits' claims in this litigation, unlike those in *Wit,* have already been determined to be covered claims for benefits. Further, Viant, a third-party repricer, is a key party to this litigation. The claims in this litigation seek to hold Defendants liable for an illegal scheme wherein they apply a hidden, illegal methodology for claims where coverage is undisputed and Plaintiffs challenge the illegal methodology more closely related to *Downey Surgical Clinic, Inc., et al. v OptumInsight, et al.*, 09-cv-5457-PSG (C.D. Cal.) and the *Ingenix* litigation as cited in Plaintiffs' Opposition.

United's counsel presents impermissible argument by asserting that the parties are similar, factual allegations in the claims are similar, and that the legal claims are similar. Local Rule 7-3(D)(2) explicitly prohibits such argument.

For all of the foregoing reasons, Plaintiffs' object to Defendant United's Statement of Recent Decision.

Respectfully submitted,

Dated: August 1, 2020

NAPOLI SHKOLNIK PLLC

/s/ *Matthew M. Lavin*
MATTHEW M. LAVIN
AARON R. MODIANO


DL LAW GROUP
/s/ *Katie Spielman*
KATIE SPIELMAN
DAVID LILIENSTEIN

*Attorneys for Plaintiffs and the Putative Class*