**SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP
MOE KESHAVARZI, SBN 223759
  mkeshavarzi@sheppardmullin.com
DAVID DWORSKY, SBN 272167
  ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

ERROL J. KING, JR.
  Errol.King@phelps.com
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Facsimile: (225) 381-9197

Attorneys for Defendant
MULTIPLAN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC RECOVERY SOLUTIONS d/b/a WESTWIND RECOVERY, MIRIAM HAMIDEH PHD CLINICAL PSYCHOLOGIST INC. d/b/a PCI WESTLAKE CENTERS, BRIDGING THE GAPS, INC., SUMMIT ESTATE RECOVERY CENTER, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED BEHAVIORAL HEALTH, INC., a California corporation, and MULTIPLAN, INC., a New York corporation,<br><br>Defendants. | Case No. 4:20-cv-02249-YGR<br>Related Case No. 4:20-cv-02254-YGR<br><br>Hon. Yvonne Gonzalez-Rogers<br><br>**MULTIPLAN'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 9(b) and 12(b)(6)]<br><br>Hearing Date: April 6, 2021<br>Hearing Time: 2:00 p.m.<br>Courtroom: 1 (4th Floor)<br><br>Second Amended Class Action Complaint Filed: January 19, 2021 |

# TABLE OF CONTENTS

INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ................................... 1

ARGUMENT ................................................................................................................................. 2

I.   Plaintiffs' Allegations of Fraud in the SAC Fail to Meet the Particularity Standard of Rule 9(b). ............................................................................................. 2

II.  Plaintiffs Have Failed to Allege Any "Plausible" Claim against MultiPlan Under *Twombly/Iqbal*. ........................................................................................... 3

III. Plaintiffs Have Failed to Properly Allege Necessary Elements of the State Law Causes of Action That They Seek to Assert Against MultiPlan. ................... 4

    A.   The Economic Loss Rule Does Apply in This Case. ................................... 4

    B.   Plaintiffs' UCL Claim Against MultiPlan is Deficient. ............................... 5

    C.   Plaintiffs' Negligent Misrepresentation Claim is Inadequate. ..................... 5

    D.   There Is No Viable Conspiracy Claim. ........................................................ 6

    E.   Plaintiffs' Promissory Estoppel Claim Against MultiPlan Is Untenable. ..................................................................................................... 6

IV.  Conclusion. ............................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eclectic Props. E., LLC v. Marcus &Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) ............................................................................................. 3, 4

*Goedecke v. Kinetic Concepts, Inc.*,
    937 F.3d 1201 (9th Cir. 2019) .................................................................................................4

*Leon v. Hayward Building Dep't*,
    2012 WL 5900550 (N.D. Cal. November 28, 2017) ...............................................................1

*Romero v. HP, Inc.*,
    2017 WL 386237 (N.D. Cal. January 27, 2017) .....................................................................1

*Schneider v. Cal. Dep't of Corr.*,
    151 F.3d 1194 (9th Cir. 1998) .................................................................................................1

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) ...................................................................................................2

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...................................................................................................2

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8(a) ..........................................................................................................................3

Fed. R. Civ. P. 9(b) ................................................................................................................ *passim*

Fed. R. Civ. P. 10(c) ........................................................................................................................2

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1, 3, 6

Defendant, MultiPlan, Inc. ("MultiPlan") respectfully submits this Reply Memorandum of Points and Authorities in Further Support of Its Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC"), pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) (the "Motion"), as follows:

## **INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED**

Plaintiffs' Response in Opposition to MultiPlan's Motion to Dismiss Plaintiffs' Second Amended Complaint ("Pltffs' Resp.") (Doc. No. 88) does little to refute the points made by MultiPlan in its opening Memorandum in Support ("MPI Memo.") (Doc. No. 86).  Plaintiffs continue to seek to inject extraneous material into the case by quoting the same stock market analyst's report that MultiPlan has previously – and accurately – described as "of dubious reliability, unauthenticated, and replete with hearsay and opinion."  (MPI Memo, at p. 2)  Again, this Court must disregard those portions of Plaintiffs' brief and instead focus solely on the allegations of the Second Amended Complaint ("SAC") in deciding the merits of MultiPlan's Motion to Dismiss.  *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998); *Romero v. HP, Inc.*, 2017 WL 386237, *6 (N.D. Cal. January 27, 2017); *Leon v. Hayward Building Dep't*, 2012 WL 5900550, *3-*4 (N.D. Cal. November 28, 2017).

When the Court does focus on those allegations, it remains clear that Plaintiffs have failed to meet its burden under Rule 9(b) with respect to those claims based on fraud, and more broadly, under Rule 12(b)(6) with respect to all of their claims.

The specific issues to be ruled upon by the Court are as follows:

1. Do the numerous direct and indirect allegations of fraud in the SAC meet the particularity standard of Rule 9(b)?
2. Have Plaintiffs alleged any "plausible" claim against MultiPlan under *Twombly/Iqbal*?
3. Have Plaintiffs properly alleged the various necessary elements of the state law causes of action that they seek to assert against MultiPlan?

The straightforward answer is – as it has been in every instance involving Plaintiffs' allegations to date – "No."  Plaintiffs continue to cast the legitimate activities of MultiPlan and United to control healthcare costs as an allegedly fraudulent scheme designed and carried out with the sole purpose being to divert monies from providers like Plaintiffs into their own coffers, ignoring the

1  fact that the pricing methodologies created and employed by MultiPlan's affiliate, Viant, Inc. ("Viant") are entirely appropriate, data-based mechanisms by which payers such as United can utilize to rein in healthcare costs.

MultiPlan is admittedly puzzled by Plaintiffs' insistence that prior briefing with respect to claims that remain in the case are not appropriate for incorporation by reference under Fed. R. Civ. P. 10(c). The prior memoranda in support on issues such as the applicability of Rule 9(b), Rule 12(b)(6), *Twombly/Iqbal*, and Plaintiffs' state law claims that may be viable in the absence of ERISA preemption are instructive and will aid the Court in making its decision on the present motions to dismiss.

In any event, as is shown below, and in prior memoranda submitted by Defendants, and most significantly by the SAC, Plaintiffs have not properly alleged that MultiPlan, as well as United, have violated any California statutory or common law;[1] the SAC should therefore be dismissed with prejudice.

## ARGUMENT

**I.    Plaintiffs' Allegations of Fraud in the SAC Fail to Meet the Particularity Standard of Rule 9(b).**

Plaintiffs continue to urge this Court to ignore the Ninth Circuit's clear standard for applying Rule 9(b) "particularity" standard as articulated in *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); and *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). MultiPlan is at a loss to see how the latest conclusory formulations of Plaintiffs' fraud-based claims differ from those previously asserted: they still fail to set forth the "who, what when, where, and how" mandated by the Court of Appeals. Moreover, they still fail to point to any communication <u>from MultiPlan</u> that contains a

---

[1] Plaintiffs have in passing suggested that some of their claims also arise under federal common law; however, they have never seriously argued this point, and MultiPlan interprets this as an abandonment of such claims, if they were ever viable. Accordingly, MultiPlan has focused, and the Court should focus as well, on the fact that the SAC fails to make out claims under California law. Moreover, although it may be premature to consider at this stage of the case, whether Plaintiffs can maintain a nationwide class action based on claims allegedly arising under California law is a significant question that the Court would need to confront should this case go forward.

statement or representation to Plaintiffs that meets the Ninth Circuit's standard.  (*See* Pltffs' Resp., at p. 3)  Their claim that "the SAC goes into great detail identifying the fraudulent scheme the Defendants are participating in, the role of each Defendant, and the misrepresentations made by each Defendant" (*id*., at p. 6), is not supported by the SAC itself, where there is a decided absence of "detail" insofar as communications to which Plaintiffs may actually have been parties to are concerned.  And, again, Plaintiffs' reversion in the SAC to "Typical Claims" for each of the Plaintiffs suggests that Plaintiffs lack the requisite information that they must share with defendants in their pleading to allow an effective defense to be mounted.

This shortcoming is highlighted by Plaintiffs' newest approach to papering over their pleading deficiencies:  arguing that because the information they should otherwise have is allegedly only in the possession of Defendants, they should get a "pass" until discovery.  (*See id*., at pp. 3, 5-6)  The problem with that suggestion, however, is that it is predicated on a false premise – that only Defendants are "uniquely in possession" of the facts that Plaintiffs must plead.  While that excuse might work in some circumstances, it cannot be applied here when one is talking about allegedly fraudulent communications to which Plaintiffs were necessarily participants.

Plaintiffs have still failed to satisfy Rule 9(b); any and all claims based on alleged fraudulent statements should be dismissed.

## II. Plaintiffs Have Failed to Allege Any "Plausible" Claim against MultiPlan Under *Twombly/Iqbal.*

Plaintiffs' rejoinder to MultiPlan's invocation of *Twombly/Iqbal's* guidance that, in weighing whether a plaintiff has met its burden of stating a "plausible" claim to satisfy Rule 8(a) and avoid dismissal pursuant to Rule 12(b)(6), a court should consider an "obvious alternative explanation" which suggests lawful conduct rather than the unlawful conduct that the plaintiff would ask the court to infer, is frankly, little more than a scoff, followed by extensive quotation from the market analysis that has no place in the Court's consideration of MultiPlan's motion to dismiss.  No one can seriously suggest -- and the Court, "draw[ing] on its judicial experience and common sense," *see Eclectic Props. E., LLC v. Marcus &Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014), cannot but otherwise conclude -- that all that is taking place here is MultiPlan (through

Viant), providing United with the ability to efficiently manage the cost of healthcare services sought and received by the beneficiaries of the employer plans with which it contracts. Plaintiffs' claim of a fraudulent scheme is built upon nothing but conclusory allegations that seek to convert legitimate conduct into something completely divorced from reality. In the end, the Court must follow the Ninth Circuit's guidance and dismiss Plaintiffs' case against MultiPlan because it lacks "a cognizable legal theory . . . [as well as] . . . sufficient facts alleged under a cognizable legal theory," *Goedecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019); *Tucker v. Post Consumer Brands, LLC*, 202 WL 1929368, at *2 (N.D. Cal. April 21, 2020) (Gonzalez-Rogers, J.), and it fails to contain "sufficient 'factual enhancement' to cross 'the line'" between speculation and plausibility, *Eclectic Props.,* 751 F.3d at 995.

### III. Plaintiffs Have Failed to Properly Allege Necessary Elements of the State Law Causes of Action That They Seek to Assert Against MultiPlan.

Plaintiffs' state law claims are also subject to dismissal, not only because those that allege fraudulent conduct fail to meet the standard of Rule 9(b), but also because they suffer from deficiencies that render them incapable of making out viable causes of action against MultiPlan.

#### A. The Economic Loss Rule Does Apply in This Case.

Plaintiffs spend a significant portion of their Response in Opposition attempting to avoid the bar of the economic loss rule as to their claims against MultiPlan. (See Pltffs' Resp., at pp. 6-9) First, this effort fails because it assumes that Plaintiffs have asserted "properly pled" fraudulent inducement and other fraud-based claims. On its face, the SAC makes clear that they have failed to do so. Second, the assertion that MultiPlan, <u>which had no communication whatsoever with Plaintiffs prior to their rendering healthcare services associated with claims that MultiPlan may have been asked to reprice by United</u>, can somehow be independently liable for fraudulent inducement or any other allegedly fraud-based action makes no sense. In the absence of a direct tort, the only conceivable basis for a claim against MultiPlan would be one derivative of an oral/implied contract alleged to have been created through United. If that is so, then clearly the economic loss rule comes directly into play.

Plaintiffs also argue that it is inappropriate to apply the economic loss rule in a case where there is no written contract and that it is also premature to apply the rule at this stage of the litigation. This novel theory does not find support in the case law.

### B. Plaintiffs' UCL Claim Against MultiPlan is Deficient.

MultiPlan will not restate its detailed arguments against the assertion of this claim by Plaintiffs. Suffice it to say, however, that MultiPlan asserts that this claim should be dismissed because, a plausible claim of "unlawful, unfair and fraudulent business practices" has not been alleged, particularly in the case of MultiPlan. Plaintiffs state that "the SAC alleges that Defendant engaged in unlawful and/or unfair conduct by violating California Health & Safety Code section 1371 and pleads Defendants [sic] violation of California Code of Regulations 1300.71" (Pltffs' Resp., at p. 9), but in fact no such allegation appears in Count II of the SAC, the UCL claim that is specifically directed at MultiPlan. (*See* SAC, ¶¶ 403-411)

Apart from that "non-allegation," all that Plaintiffs have alleged in the SAC are conclusory statements tailored to fit within the broad language of the UCL statute (*id*., ¶¶ 405-406); such claims, to the extent the Court may even consider them under *Twombly/Iqbal*, are insufficient. Moreover, the language employed by Plaintiffs continually speaks of fraudulent inducement and other allegedly fraud-based representations concerning payment based on UCR that cannot possibly apply to MultiPlan and therefore cannot support a UCL claim.

### C. Plaintiffs' Negligent Misrepresentation Claim is Inadequate.

Although referred to as the third count of the complaint, this is actually the fourth. Plaintiffs give it short shrift – deservedly so. Plaintiffs simply point to allegations in other counts in their attempt to make out this claim. For the same reasons that those other claims are deficient, so too is this claim. Again, the Court needs to focus on that fact that there are no communications made by MultiPlan and directed to Plaintiffs that meet the standard of Rule 9(b), let alone showing deception, reliance, or the other elements of this cause of action.

### D. There Is No Viable Conspiracy Claim.

In the absence of an underlying tort, there can be no conspiracy claim. Plus, beyond their conclusory allegations, Plaintiffs have made no showing of common intent to defraud or commit any unlawful act.

### E. Plaintiffs' Promissory Estoppel Claim Against MultiPlan Is Untenable.

*Sine qua non*: a promise. In the case of MultiPlan, one searches in vain. Plaintiffs point to "verification and authorization communications" as the source of promises to them, (Pltffs' Resp., at p.13), yet MultiPlan is not a party to any of those. Plaintiffs allege in the SAC that "MultiPlan made the clear promise that it had calculated the UCR for IOP services," (SAC, ¶ 468), but where was the "promise" made? In what communication to Plaintiffs? Plaintiffs further allege that "MultiPlan's interjection into the payment process likewise bound them [sic] to this obligation . . . [to pay UCR]." (*Id.*, ¶ 475) But MultiPlan does not make the decision of what to pay or in fact make any payment, and despite Plaintiffs' allegation, it does not "promise to pay" anything, let alone at the UCR rate. (*See id.*, ¶ 470) Plaintiffs' promissory estoppel claims against MultiPlan is not only conclusory – its illusory.

## IV. Conclusion.

Based on the foregoing, and on the arguments presented in MultiPlan's Motion to Dismiss, as well as the arguments made by United in its Motion to Dismiss and Reply Memorandum, and in prior submissions by the Defendants that focus on the claims now being asserted by Plaintiffs that were asserted previously, the allegations set forth Plaintiffs' Second Amended Complaint are legally and factually deficient and should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

DATED:  March 11, 2021

Respectfully submitted,

By:   */s/ David E. Dworsky*
Moe Keshavarzi
David E. Dworsky
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Fax: (213) 620-1398

and

Errol J. King, Jr.
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

Attorneys for Defendant
MULTIPLAN, INC.