LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

GEOFFREY SIGLER (*admitted pro hac vice*)
  gsigler@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.995.8500
Facsimile:  202.467.0539

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC RECOVERY SOLUTIONS d/b/a WESTWIND RECOVERY, MIRIAM HAMIDEH PHD CLINICAL PSYCHOLOGIST INC. d/b/a PCI WESTLAKE CENTERS, BRIDGING THE GAPS, INC., SUMMIT ESTATE RECOVERY CENTER, INC., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH, a California Corporation, and MULTIPLAN, INC., a New York Corporation,<br><br>Defendants. | Case No. 4:20-cv-02249-YGR<br>Related Case No. 4:20-cv-02254-YGR<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:   April 6, 2021<br>Time:   2:00 p.m.<br>Judge:  Hon. Yvonne Gonzalez Rogers<br>Place:  Courtroom 1, Fourth Floor<br><br>Complaint Filed: April 2, 2020 |

Gibson, Dunn & Crutcher LLP

DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. RESTATEMENT OF ISSUES TO BE DECIDED AND RELEVANT FACTS (L.R. 7-4) ................................................................................................................................. 1

III. ARGUMENT .................................................................................................................. 1

    A. Plaintiffs Fail To Identify Any Non-ERISA Claims At Issue....................................... 1

    B. Plaintiffs' Allegations Also Fail To Support Any Of Their Claims ............................. 4

        1. Plaintiffs' Misrepresentation-Based Claims Fail To Satisfy Rule 9(b) ............ 4

        2. Plaintiffs' Contract-Based Claims Still Fail For Lack Of Specificity .............. 5

        3. Plaintiffs' UCL Claims Fail For Various Reasons............................................ 9

IV. CONCLUSION ............................................................................................................. 11

i
DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ABC Servs. Grp. v. Health Net of California, Inc.*,
  2020 WL 2121372 (C.D. Cal. May 4, 2020) ...................................................................6, 8

*Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*,
  2018 WL 1805516 (N.D. Cal. Apr. 16, 2018) ........................................................................2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................................................2

*Beard v. Int'l Bus. Mach. Corp.*,
  2019 WL 1516592 (N.D. Cal. April 7, 2019) ........................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................................2

*Bias v. Wells Fargo & Co.*,
  942 F. Supp. 2d 915 (N.D. Cal. 2013) ...........................................................................4, 10

*Biohealth Med. Lab., Inc. v. Conn. Gen. Life Ins. Co.*,
  2016 WL 375012 (S.D. Fla. Feb. 1, 2016) .............................................................................2

*Cal. Spine & Neurosurgery Institute v. United Healthcare Ins. Co.*,
  2019 WL 4450842 (N.D. Cal. Sept. 17, 2019) ......................................................................7

*Day v. Alta Bates Med. Ctr.*,
  98 Cal. App. 4th 243 (2002) ...................................................................................................9

*Dillingham-Ray Wilson v. City of L.A.*,
  182 Cal. App. 4th 1396 (2010) ...............................................................................................7

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ..................................................................................................1

*Emp'rs Reinsurance Co. v. Super. Ct.*,
  161 Cal. App. 4th 906 (2008) .................................................................................................7

*Enloe Med. Ctr. v. Principal Life Ins. Co.*,
  2011 WL 6396517 (E.D. Cal. Dec. 20, 2011) ........................................................................6

*Goodwest Rubber Corp. v. Munoz*,
  170 Cal. App. 3d 919 (1985) ..................................................................................................7

*In re iPhone 4S Consumer Litig.*,
  2013 WL 3829653 (N.D. Cal. July 23, 2013) ........................................................................5

Gibson, Dunn & Crutcher LLP

ii

DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

*In re Juul Labs, Inc. Mktg., Sales Practices & Prods. Liab. Litig.*,
    2020 WL 6271173 (N.D. Cal. Oct. 23, 2020) ................................................................. 10

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ..................................................................................................... 9

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
    797 F.3d 160 (2d Cir. 2015) ............................................................................................ 5

*In re MacBook Keyboard Litig.*,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ............................................................... 10

*McKell v. Washington Mut. Inc.*,
    142 Cal. App. 4th 1457 (2006) ........................................................................................ 9

*Morgan v. AT&T Wireless Servs., Inc.*,
    177 Cal. App. 4th 1235 (2009) ........................................................................................ 9

*Nasser v. White Pages, Inc.*,
    2013 WL 6147677 (W.D. Va. Nov. 22, 2013) ................................................................ 9

*Omega Hosp., LLC v. United Healthcare Servs., Inc.*,
    2017 WL 4228756 (M.D. La. Sept. 22, 2017) ................................................................ 2

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
    2016 WL 6393503 (N.D. Cal. Oct. 28, 2016) ................................................................. 4

*Pacific Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*,
    12 Cal. App. 5th 200 (2017) ........................................................................................ 6, 8

*Palmer v. Apple Inc.*,
    2016 WL 1535087 (N.D. Cal. Apr. 15, 2016) ................................................................ 3

*Park-Kim v. Daikin Indus., Ltd.*,
    2016 WL 1069035 (C.D. Cal. Mar. 17, 2016) ................................................................ 3

*Regents of University of Cal. v. Principal Fin. Grp.*,
    412 F. Supp. 2d 1037 (N.D. Cal. 2006) ....................................................................... 5, 6

*Sencion v. Saxon Mortg. Servs., Inc.*,
    2011 WL 311383 (N.D. Cal. Jan. 28, 2011) ................................................................. 10

*Stahl Law Firm v. Judicate W.*,
    2013 WL 6200245 (N.D. Cal. Nov. 27, 2013) ................................................................ 3

*Summit Estate, Inc. v. United Healthcare Ins. Co.*,
    2020 WL 5436655 (N.D. Cal. Sept. 10, 2020) ............................................................. 10

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................................................... 4

Gibson, Dunn &
Crutcher LLP

iii
DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

*TIBCO Software Inc. v. ProCARE Portal, LLC*,
   2020 WL 5847509 (N.D. Cal. Oct. 1, 2020) .................................................................................4

*TML Recovery, LLC v. Humana Inc.*,
   2019 WL 3208807 (C.D. Cal. Mar. 4, 2019) ................................................................................6

*Vasquez v. Bank of Am., N.A.*,
   2013 WL 6001924 (N.D. Cal. Nov. 12, 2013) ..............................................................................5

*W.J. Schafer Assocs., Inc. v. Cordant, Inc.*,
   254 Va. 514 (1997) ........................................................................................................................8

*Waldo v. Eli Lilly & Co.*,
   2013 WL 5554623 (E.D. Cal. Oct. 8, 2013) .................................................................................3

*Zaback v. Kellogg Sales Co.*,
   2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ..............................................................................10

**Statutes**

Cal. Health & Safety Code § 1371 ...............................................................................................10

Civ. Code § 1550 .............................................................................................................................8

Civ. Code § 1580 .............................................................................................................................8

Civ. Code § 1610 .............................................................................................................................7

Civ. Code § 1611 .............................................................................................................................7

**Regulations**

Cal. Code Regs. tit. 28, § 1300.71 ................................................................................................10

**Rules**

Rule 8(a)(2) .....................................................................................................................................2

Rule 9(b) .............................................................................................................................1, 4, 5, 6, 9

Gibson, Dunn &
Crutcher LLP

iv
DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

## I. INTRODUCTION

Plaintiffs' Opposition confirms that the Second Amended Complaint ("SAC" (Dkt. 84)) should be dismissed with prejudice. Plaintiffs identify no allegations to satisfy *either* of the two directives given by this Court in its previous dismissal order: (1) they identify no claims at issue involving non-ERISA plans, and (2) they identify no facts about such claims raising the inference that UBH is liable under any of the state laws they invoke. Dkt. 83 ("Second Dismissal Order") 18.

These pleading failures require dismissal for the same reasons that this Court dismissed all of Plaintiffs' previous complaints. Like Plaintiffs' original complaint, the SAC fails to satisfy Rule 9(b), because it does not include the time, place, and specific content of any misrepresentations, or the identities of anyone who allegedly made those misrepresentations. Plaintiffs' contract and estoppel claims also fail because they allege no facts showing an actionable promise to pay or a meeting of the minds as to the key terms and issues in dispute. The SAC likewise does not contain any allegations to support a claim under any prong of the UCL. As UBH demonstrated in its opening brief, Plaintiffs' inability to identify *any* non-ERISA claims at issue means they fail even to satisfy Article III's threshold requirements to have constitutional standing.

Plaintiffs' Opposition ("Opp." (Dkt. 86)) does not meaningfully dispute any of these pleading failures. Instead, Plaintiffs rely on arguments that this Court has already rejected, unsupported excuses, and "information and belief" (*i.e.*, speculation). This Court clearly delineated what facts Plaintiffs needed to allege to state a claim, and they did not do it. Because further leave to amend would be futile, UBH respectfully requests that the SAC be dismissed in its entirety, with prejudice.

## II. RESTATEMENT OF ISSUES TO BE DECIDED AND RELEVANT FACTS (L.R. 7-4)

The issues to be decided and relevant factual background are provided in UBH's Motion to Dismiss the SAC. Dkt. 85 ("Mot.").

## III. ARGUMENT

### A. Plaintiffs Fail To Identify Any Non-ERISA Claims At Issue.

As this Court previously recognized, Plaintiffs needed to plead "facts identifying which of the allegedly under-reimbursed claims for IOP services in the FAC were covered by a plan that falls outside of the scope of ERISA" to satisfy Rule 8's pleading requirements. Second Dismissal Order 18; *Eclectic*

Gibson, Dunn & Crutcher LLP

1

DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

*Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (Rule 8(a)(2) requires sufficient factual enhancement to cross the line between possibility and plausibility). Instead, the SAC—Plaintiffs' third try—contains only "naked assertions devoid of further factual enhancement" about non-ERISA claims, patients, and plans, and they fail to point to anything they would add to satisfy this requirement if given leave to amend again. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*, 2018 WL 1805516, at *11 (N.D. Cal. Apr. 16, 2018) (dismissing claims for failure to plead adequate factual support when plaintiff failed to identify any specific instances of the allegedly harmful actions).

        Plaintiffs' failure to address this Court's Second Dismissal Order speaks volumes: this Court told Plaintiffs what they needed to do, and why, but they did not do it. Nor have they provided any new facts or law to warrant reconsideration.

        Plaintiffs likewise have no response to other cases warranting the same result: *Omega Hospital, LLC v. United Healthcare Services, Inc.*, 2017 WL 4228756 (M.D. La. Sept. 22, 2017) and *Biohealth Medical Laboratory, Inc. v. Connecticut General Life Insurance Co.*, 2016 WL 375012 (S.D. Fla. Feb. 1, 2016), *aff'd in part, vacated in part on other grounds sub nom. BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521 (11th Cir. 2017). Plaintiffs attempt to distinguish these cases on the basis that they involved different factual details, but in doing so ignore the crux of the issue—these courts (like this Court in its Second Dismissal Order) ruled that solely providing generic assertions about the existence of "non-ERISA" patients is insufficient to state a claim that is not preempted by ERISA.

        Plaintiffs argue their non-compliance should be excused because UBH has information about the plans of Plaintiffs' patients. Opp. 4. But UBH does not know *which* alleged phone calls and payments Plaintiffs are challenging (and Plaintiffs acknowledge that they are not challenging all payments on all claims, *see* Mot. 6); it is Plaintiffs' job to plead these basic facts about their claims. Nor would it be difficult for Plaintiffs to figure out which phone calls and claims allegedly at issue involved non-ERISA plans—*e.g.*, government plans, church plans, individual policies. Plaintiffs' allegations show that they regularly receive their patients' benefits information (including plan names

Gibson, Dunn & Crutcher LLP

2

DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

and identifiers) in numerous ways—verification-of-benefits calls, explanations of benefits, appeals correspondence, and other communications. *See, e.g.*, SAC ¶¶ 51–52, 170–176, 248, 261, 263, 267. This Court also gave Plaintiffs plenty of time to gather this information following the Second Dismissal Order (issued approximately three months ago—December 18, 2020). Plaintiffs did not seek an extension or other relief from that order. The bottom line is: if Plaintiffs had any non-ERISA claims to put at issue, they could have and should have collected the necessary information and identified them in the SAC.

There is also no basis for Plaintiffs' argument that mere "information and belief" allegations should be viewed as sufficient. Opp. 3. The only case Plaintiffs cite on this point, *Waldo v. Eli Lilly & Co.*, states that allegations pled on information and belief are "neither dispositive nor particularly germane" and that "the proper inquiry" remains whether the plaintiff has provided sufficient factual allegations. 2013 WL 5554623, at *5 (E.D. Cal. Oct. 8, 2013). Plaintiffs here have plainly failed to do so.

Plaintiffs also attempt to gloss over their failure to plead Article III or statutory standing.[1] According to Plaintiffs, "[t]he SAC alleges Providers were treated unfairly and suffered an injury in fact" and the "provided services [were] worth much more than the fractional amount paid"—but they do not provide any citation to the SAC. Opp. 10. In any event, such bare legal conclusions are insufficient to establish standing. *See e.g.*, *Stahl Law Firm v. Judicate W.*, 2013 WL 6200245, at *6 (N.D. Cal. Nov. 27, 2013) (finding plaintiff lacked standing when threadbare allegations failed to establish an injury-in-fact); *Park-Kim v. Daikin Indus., Ltd.*, 2016 WL 1069035, at *5 (C.D. Cal. Mar. 17, 2016) (finding no Article III standing when complaint contained little factual enhancement relying "instead upon generalized assertions, legal conclusions, and threadbare recitals of a case of action") (internal quotation marks omitted); *Palmer v. Apple Inc.*, 2016 WL 1535087, at *4 (N.D. Cal. Apr. 15, 2016) (finding threadbare allegations insufficient to establish standing under the UCL). Plaintiffs failed to address any of the authorities cited by UBH on standing; nor did Plaintiffs provide any of their own.

---

[1] Plaintiffs' contention that UBH failed to raise UCL standing in its statement of issues is incorrect, as UBH raised standing generally in its statement of issues. *See* Mot. 2.

Gibson, Dunn & Crutcher LLP

3

DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

In short, Plaintiffs failed to identify any non-ERISA claims at issue—a threshold requirement that this Court spelled out in the Second Dismissal Order—so the SAC should be dismissed for lack of standing and failure to state a claim.

### B.   Plaintiffs' Allegations Also Fail To Support Any Of Their Claims

Plaintiffs also ignored the Court's second directive—to plead facts to support liability on "such claims" involving non-ERISA members.  Second Dismissal Order 18.  This, too, compels dismissal.

#### 1.   Plaintiffs' Misrepresentation-Based Claims Fail To Satisfy Rule 9(b)

Plaintiffs' Opposition points to no allegations in the SAC satisfying Rule 9(b)—*i.e.*, allegations that "identify the time, place, and specific content of the fraudulent communication at issue, or identify the person or persons involved in such communications."  First Dismissal Order (Dkt. 61) 14 (dismissing fraud-based claims from the original complaint in this case for similar pleading deficiencies).  Plaintiffs repeat their previous argument (which this Court rejected in its First Dismissal Order) that Rule 9(b) does not require them to be omniscient or to provide every conceivable detail. The problem—as with Plaintiffs' original complaint—is that Plaintiffs fail to allege *any* details about *any* alleged misrepresentations, let alone "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted); *see also Beard v. Int'l Bus. Mach. Corp.*, 2019 WL 1516592, at *2 (N.D. Cal. April 7, 2019) (dismissing fraud claims because "the complaint lacks allegations regarding the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations") (internal quotation marks omitted); *TIBCO Software Inc. v. ProCARE Portal, LLC*, 2020 WL 5847509, at *4 (N.D. Cal. Oct. 1, 2020) (same).

The cases Plaintiffs cite are easily distinguishable.  In *Bias v. Wells Fargo & Co.*, the plaintiffs identified specific dates, documents, and communications, as well as the content of the allegedly fraudulent statements.  942 F. Supp. 2d 915, 935 (N.D. Cal. 2013).  Plaintiffs' other cases are similarly distinguishable.  *See Openwave Messaging, Inc. v. Open-Xchange, Inc.*, 2016 WL 6393503, at *8 (N.D. Cal. Oct. 28, 2016) (complaint included specific dates allegedly false statements were made, provided screenshots of the alleged misrepresentations, identified the location of the alleged misrepresentations,

Gibson, Dunn & Crutcher LLP

4

DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

and denoted who made the statements); *Vasquez v. Bank of Am., N.A.*, 2013 WL 6001924, at *16 (N.D. Cal. Nov. 12, 2013) (complaint identified the times and locations of the allegedly false statements and described the apparent authority and general descriptions of the representatives to whom the plaintiff had spoken). Plaintiffs' reliance on out-of-circuit authority, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Security, LLC*, 797 F.3d 160 (2d Cir. 2015), is misplaced; in any event, this decision is also distinguishable. *See id*. at 180 (considering "information and belief" allegations based on SEC order, but finding that Rule 9(b) was satisfied only because other specific allegations by the plaintiffs corroborated the SEC order).

Plaintiffs' professed inability to provide the necessary details about alleged fraudulent phone calls also defies belief. Plaintiffs allege that *they participated firsthand* in these phone calls, and that they were defrauded by them, but now claim they cannot provide a single detail about any of these phone calls—even though they already did so in their FAC. *See, e.g.*, FAC ¶¶ 275–81 (describing specific communications and identifying specific patients, claims, and costs). And as discussed above, Plaintiffs know (or could easily find out) what plans their patients are enrolled in (and thus determine which claims involved ERISA versus non-ERISA plans) from the patient intake process, as well as explanations of benefits they receive in connection with payments. That it may be time-consuming to analyze this information is no basis to relax Rule 9(b); it is supposed to be a demanding pleading requirement. *See, e.g.*, *In re iPhone 4S Consumer Litig*., 2013 WL 3829653, at *12 (N.D. Cal. July 23, 2013) (rejecting argument to relax Rule 9(b)). As this Court and many others have held, if Plaintiffs are going to plead fraud, they need to plead facts showing the who, what, when, where, and how/why of the alleged fraud. The SAC contains *none* of these details about *any* alleged misrepresentations, so these claims should be dismissed.

### 2. Plaintiffs' Contract-Based Claims Still Fail For Lack Of Specificity

Plaintiffs' breach of contract and promissory estoppel claims also fail, because they do not allege facts showing (1) an actionable promise to pay, or (2) a meeting of the minds as to the key issues in dispute—an amount or methodology for UCR. Mot. 10–12. In Plaintiffs' Opposition, they argue—in the abstract—that "verification communications may form the basis" for contract and promissory estoppel claims, citing *Regents of University of California v. Principal Financial Group*, 412 F. Supp.

Gibson, Dunn & Crutcher LLP

5

DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

2d 1037 (N.D. Cal. 2006) and *Enloe Medical Center v. Principal Life Insurance Company*, 2011 WL 6396517 (E.D. Cal. Dec. 20, 2011). Opp. 6–7. The cases differ markedly from Plaintiffs' allegations here, though. In *Regents*, the court declined to grant the defendant's motion for summary judgment, because there was a factual dispute arising from six written authorizations of specific treatment for a specific patient. 412 F. Supp. 2d at 1042–44. *Enloe* is also inapposite: there, the court denied summary judgment based on competing evidence about what was said on relevant phone calls, which it found created a triable issue of fact. 2011 WL 6396517, at *6–7. Thus, neither case involved the pleading standards under Rule 9(b); rather, in both cases the plaintiff identified the specific communications at issue, and the factual disputes (warranting denial of summary judgment) arose from the parties' differing understandings of these specific communications.[2]

Plaintiffs have no response to UBH's authorities showing that the alleged promises on the verification-of-benefits calls were insufficiently specific to support a claim. In *ABC Services Group v. Health Net of California, Inc.*, the court dismissed a similar claim that the defendant made an actionable promise during a verification call by allegedly stating it would "pay Plaintiff at its usual and customary rates." 2020 WL 2121372, at *6 (C.D. Cal. May 4, 2020). Plaintiffs also have no response to *Pacific Bay Recovery, Inc. v. California Physicians' Services, Inc.*, 12 Cal. App. 5th 200 (2017), in which the court dismissed the contract and promissory estoppel claims because the plaintiff's allegations about an agreement to pay "usual, reasonable, and customary charges" on preauthorization calls with the insurer were insufficiently specific and could not qualify as a "promise clear and unambiguous in its terms." *Id.* at 215 n.6 & 216; *see also TML Recovery, LLC v. Humana Inc.*, 2019 WL 3208807, at *4 (C.D. Cal. Mar. 4, 2019) (dismissing provider plaintiffs' contract and promissory estoppel claims based on alleged authorization and verification of benefits calls and prior course of dealing where there were no allegations about the "basic terms, like what services were to be provided, who would provide them, the cost or the time frame").

---

[2] Plaintiffs argue that "[a]ny dispute as to the content of specific authorization and verification of benefits calls is a factual matter, not proper for disposition on the pleadings." Opp. 7. This likewise confuses the pleading standard under Rule 9(b) with the standard at summary judgment under Rule 56.

6
DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

Gibson, Dunn & Crutcher LLP

Without allegations showing agreement on specific contractual terms, these claims fail. Plaintiffs' Opposition merely repeats the vague assertions in the SAC, such as: "[b]y United representing that it would pay a rate based on UCR, a known term in the industry and understood by all parties," the parties "agreed on a method by which the price, the amount Plaintiffs would be reimbursed, would be objectively determined." Opp. 5. But again, Plaintiffs do not specify what promises supposedly were made, or which non-ERISA claims (if any) the promises related to. Even *if* Plaintiffs had alleged specific facts about specific calls, a mere promise to pay "UCR" (which can mean different things to different people, as the SAC amply demonstrates) lacks sufficient specificity to establish consideration under Civil Code section 1610. And section 1611 cannot save Plaintiffs' claims either, as it is not just the amount of UCR, but also the methodology that was never agreed to by the parties.[3]

Plaintiffs attempt to draw an analogy between "UCR" and "the concept of Fair Market Value in the other industries." Opp. 7. The cases Plaintiffs cite, however, revolve around the meaning of ambiguous and missing contract terms in specific written contracts—not questions about whether a contract existed in the first place. For example, *Dillingham-Ray Wilson v. City of Los Angeles*, 182 Cal. App. 4th 1396, 1404–05 (2010), concerned the application of the parol evidence rule to determine the appropriate method for calculating costs in a written public works contract. Likewise, *Employers Reinsurance Co. v. Superior Court*, 161 Cal. App. 4th 906, 911 (2008), concerned the application of the parties' course of dealing to inform the interpretation of an insurance policy as a written contract. Plaintiffs' attempted analogy to the term "fair market value" in *Goodwest Rubber Corporation v. Munoz* is also off-base, as the court in that case supplied "fair market value" as the missing purchase price, in part, because courts and text writers generally agree that "fair market value" is a "sufficiently certain price term to support specific performance." 170 Cal. App. 3d 919, 921 (1985). Here, Plaintiffs point to no case law or similar authority that an oral agreement to pay "UCR," without more, creates an actionable contract. Plaintiffs' failure to allege facts to support an inference that there was a

---

[3] Plaintiffs' passing reference to *California Spine & Neurosurgery Institute v. United Healthcare Insurance Company*, 2019 WL 4450842 (N.D. Cal. Sept. 17, 2019) (*see* Opp. 5–6), does not compel a different conclusion, as the court there did not rely on section 1611 and did not expressly consider whether the parties had a shared understanding of the terms in dispute.

sufficiently definite promise to pay between the parties on non-ERISA claims—let alone a shared understanding on crucial terms like the services and patients at issue and the meaning of UCR as it related to any definition or rate/reimbursement methodology—warrants dismissal.[4]

Plaintiffs' arguments in support of their promissory estoppel claim are similarly meritless. For the reasons detailed above, none of Plaintiffs' vague allegations about "typical" or "usual[]" phone calls (*see, e.g.*, SAC ¶¶ 249–250, 259) amounts to a "clear and unambiguous promise" as required for promissory estoppel. *See ABC Servs.*, 2020 WL 2121372, at *6 (substance abuse center's "allegations about the authorization and verification process are inadequate to support a promissory estoppel claim"); *Pac. Bay*, 12 Cal. App. 5th at 215 n.6 (same). Plaintiffs' conclusory assertion that they reasonably relied on the alleged "representations and promises" based on an alleged "prior course of dealing and [] assurances" on calls also does not pass muster. Opp. 8. Plaintiffs state only that there was an "[]established course of conduct where Plaintiffs had been promised payment at the UCR rate and had received payment at the UCR rate" (SAC ¶ 471), but allege no facts showing that any supposed prior interactions with UBH concerned the same types of treatment or services as the ones at issue here. *See also* SAC ¶ 457 (alleging an "extended course of dealing" but not explaining whether this course of prior dealing concerned the same types of services). What Plaintiffs' allegations show is that they disagreed regarding the proper amount and methodology for payment, over this "course of dealing." Such allegations cannot support a finding of reasonable reliance.

Finally, Plaintiffs fail to explain how Virginia-based Bridging the Gaps could assert a promissory estoppel claim when Virginia does not recognize promissory estoppel as a cause of action. Plaintiffs assert that "United has not raised any argument as to why this Court should apply Virginia law" (Opp. 8), but UBH's motion—and the case on which it relied—makes this point clearly. In *W.J. Schafer Associates, Inc. v. Cordant, Inc.*, 254 Va. 514 (1997), the Virginia Supreme Court held that "promissory estoppel is not a cognizable cause of action" and it "decline[d] to create such a cause of action." *Id.* at 521; *see also* Mot. 12. Plaintiffs emphasize that UBH is a "California corporation subject

---

[4] Plaintiffs' reference to Civil Code sections 1550 and 1580—which respectively concern the "essential elements of contract" and "mutuality of consent"—is similarly misguided, as this lack of a shared understanding about the key issues and terms in dispute precludes any finding of "consent" between the parties.

Gibson, Dunn & Crutcher LLP

8

DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

to the laws of the State of California" (Opp. 8), but they do not allege any conduct at issue in the case that occurred in California. Moreover, any alleged "reliance" on the part of Bridging the Gaps occurred in Virginia, not California, thus precluding promissory estoppel as a viable cause of action. *See Nasser v. White Pages, Inc.*, 2013 WL 6147677, at *6 (W.D. Va. Nov. 22, 2013).

### 3.  Plaintiffs' UCL Claims Fail For Various Reasons

Plaintiffs purport to rely on *Day v. Alta Bates Medical Center*, 98 Cal. App. 4th 243, 248 (2002) in support of its standing under the UCL. Opp. 9. However, *Day* concerned an attorney's quantum meruit action against a hospital for legal services he performed on the hospital's behalf and did not contain an unfair competition claim (under the UCL or any other law). The passage Plaintiffs attribute to *Day* is actually from *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011), which is also distinguishable because it concerns the plaintiffs' standing to challenge alleged misrepresentations about product labels that allegedly harmed consumers (*id*. at 317)—a specific, concrete harm that Plaintiffs do not allege here (because they fail to identify any non-ERISA claims at issue).

Plaintiffs' arguments about the UCL's "prongs" also fail. Plaintiffs argue that the SAC satisfies the UCL's fraudulent prong because "it pleads multiple fraud causes of action" and "alleges that Defendants [sic] acted unfairly by deceptively by [sic] inducing the Providers to treat numerous insureds." Opp. 8–9. Plaintiffs further claim that allegations of deceptive representations alone are sufficient to satisfy the fraudulent prong, citing *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235 (2009) and *McKell v. Washington Mutual Inc.*, 142 Cal. App. 4th 1457 (2006). *See* Opp. 8–9. But as discussed, *supra* pp. 4–5, Plaintiffs were required to plead any fraud-based claim with sufficient specificity under Rule 9(b), including any claim under the UCL's fraudulent prong, and failed to do so. Plaintiffs' cases are also distinguishable: the *Morgan* complaint included allegations not found in Plaintiffs' sparse SAC allegations, which fail to explain the who, what, when, where, or how/why of the alleged misrepresentations. *See* 177 Cal. App. 4th at 1245–47 (attaching excerpts from press releases and other documents containing alleged misrepresentations, as well as dates and times in which additional misrepresentations occurred). And in *McKell*, the court did not consider any heightened specificity requirement when analyzing plaintiffs' fraudulent business practices claim. 142 Cal. App. 4th at 1471–72.

Gibson, Dunn & Crutcher LLP

9
DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

As support for a claim under the "unfair" prong, Plaintiffs again cite *Bias v. Wells Fargo & Co.* (Opp. 9), but this case does not even address UBH's argument that Plaintiffs do not "fall within the categories of consumers, competitors, or others who are allowed to sue under this provision." Mot. 13. Plaintiffs do not dispute this basis for dismissal.

Plaintiffs argue that their "unlawful" prong claims should survive based on assertions that UBH "violat[ed] California Health & Safety Code section 1371" and "Defendants [sic] violation of California Code of Regulations section 1300.71" (Opp. 8), but they have not alleged any facts and merely "identif[ying]" statutes is not sufficient. *See Sencion v. Saxon Mortg. Servs., Inc.*, 2011 WL 311383, at *4 (N.D. Cal. Jan. 28, 2011). Plaintiffs needed to establish "with reasonable particularity the facts supporting the statutory elements of the violation," and they have failed to do so here. *Id.*

Plaintiffs' UCL claims fail because they have not shown they have an inadequate remedy at law as required to seek equitable relief (Mot. 14), and only summarily assert that their legal remedy is "inadequate" without explaining why. SAC ¶ 402. They also have no substantive response to the argument that they "allege only past harms about alleged underpayments, for which they seek monetary relief." Mot. 14. Instead, Plaintiffs argue that they are "entitled to plead alternative and even inconsistent causes of action" citing *In re Juul Labs, Inc. Marketing, Sales Practices & Products Liability Litigation*, 2020 WL 6271173 (N.D. Cal. Oct. 23, 2020). But the court in *In re Juul* required the plaintiffs to make a more substantial showing of harm because UCL and equitable claims were being asserted against other defendants from whom damages may not have been recoverable. *Id.* at *55 n.67. Several other courts agree with UBH's argument. *See, e.g., In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) (explaining that although injunctive relief was not at issue in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), nothing about the court's "reasoning indicates that the decision is limited to claims for restitution" and dismissing UCL claim); *see also Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (same). Plaintiffs also rely on this Court's decision in *Summit Estate, Inc. v. United Healthcare Insurance Co.*, 2020 WL 5436655 (N.D. Cal. Sept. 10, 2020), but the parties' briefs in *Summit Estate* did not discuss *Sonner*—and as shown above, many of the recent decisions rely on *Sonner* to dismiss UCL claims in these circumstances.

10
DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249

Gibson, Dunn & Crutcher LLP

Finally, Plaintiffs do not address (and therefore waive any response to) UBH's argument that Bridging the Gaps' UCL claim fails because it is a Virginia provider and not permitted to bring suit under the UCL. *See* Mot. 14–15.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Second Amended Complaint should be dismissed in its entirety. Because Plaintiffs have already been given leave to amend twice, further leave to amend would be futile, and this case should therefore be dismissed with prejudice.

Dated: March 11, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ *Geoffrey Sigler*
    Geoffrey Sigler

Attorney for Defendant
UNITED BEHAVIORAL HEALTH

Gibson, Dunn & Crutcher LLP

11
DEFENDANT UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT – CASE NO. 4:20-CV-02249